**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-2295

SENTAYEHU DEGEFA MAMO,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 21, 2010          Decided: July 6, 2010

Before KING, DAVIS, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Alan M. Parra, LAW OFFICE OF ALAN M. PARRA, Silver Spring, Maryland, for Petitioner. Tony West, Assistant Attorney General, Jennifer Levings, Senior Litigation Counsel, Kristin A. Moresi, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sentayehu Degefa Mamo, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a), (b) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citation omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2010), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1)

2

(2010).  Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground.  Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion."  Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009) (internal quotation marks omitted), cert. denied, 130 S. Ct. 1048 (2010).

For asylum applications filed after the passage of the REAL ID Act of 2005, a trier of fact, "[c]onsidering the totality of the circumstances, and all relevant factors," may base a credibility determination on any inconsistency, inaccuracy, or falsehood "without regard to whether [it] goes to the heart of the applicant's claim[.]"  8 U.S.C. § 1158(b)(1)(B)(iii) (2006).  "[I]n evaluating an asylum applicant's credibility, an IJ may rely on omissions and inconsistencies that do not directly relate to the applicant's claim of persecution as long as the totality of the circumstances establish that the applicant is not credible."  Lin v. Mukasey, 534 F.3d 162, 164 (2d Cir. 2008).

3

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer a "specific, cogent reason" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony[.]" Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citation omitted). Likewise, "the immigration judge cannot reject documentary evidence without specific, cogent reasons why the documents are not credible." Kourouma v. Holder, 588 F.3d 234, 241 (4th Cir. 2009).

This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, however, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be

4

compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B)

(2006).  This court will reverse the Board only if "the evidence

. . . presented was so compelling that no reasonable factfinder

could fail to find the requisite fear of persecution."  Elias-

Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325

n.14 (4th Cir. 2002).  "When, as here, the BIA does not

expressly adopt any portion of the Immigration Judge's ("IJ")

decision, we review only the findings and order of the BIA, not

those of the IJ."  Lin v. Mukasey, 517 F.3d 685, 687 (4th Cir.

2008).

We conclude that substantial evidence supports the

adverse credibility finding, which was based on discrepancies

noted by the immigration judge and discussed by the Board.[*]

Accordingly, we hold that the record does not compel a different

result with respect to the denial of asylum or withholding of

removal.

We deny the petition for review.  We dispense with

oral argument because the facts and legal contentions are

---

[*] We will not review that portion of the Board's order denying relief under the Convention Against Torture because Mamo abandoned review by not raising a challenge to the denial in his brief.  See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001); Edwards v. City of Goldsboro, 178 F.3d 231, 241 (4th Cir. 1999).

5

adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED